UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **03-60773**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PETER LETTERESE,

    Defendant.
_____/

**CIV-MARRA**

MAGISTRATE JUDGE
SELTZER

PETITION TO ENFORCE
<u>INTERNAL REVENUE SUMMONS</u>

The United States of America, by its attorney, Marcos Daniel Jimenez, United States Attorney in and for the Southern District of Florida, avers to this Court as follows:

I

This proceeding for enforcement of an Internal Revenue Service summons is brought pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1986 (26 U.S.C.). This Court has jurisdiction of this action pursuant to 26 U.S.C., §§ 7402(b) and 7604(a) and 28 U.S.C., §§ 1340 and 1345.

II

Helen Adams is a revenue officer of the Internal Revenue Service, employed in the Office of the Area Director, Small Business Self Employed Compliance Division, Internal Revenue Service, Territory 3, Area 5, with a post of duty in Fort Lauderdale, Florida. As a revenue officer, she is authorized to



issue Internal Revenue Service summonses pursuant to the authority contained in 26 U.S.C. § 7602.

III

The defendant, Peter Letterese, resides at 5000 S.W. 148th Avenue, Southwest Ranches, Florida, which is within the jurisdiction of this Court.

IV

Revenue Officer Helen Adams is conducting an investigation for the purpose of determining federal income tax liabilities of the defendant (Form 1040) for the years 1996 and 1999 and for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws for periods under investigation.

V

As part of the investigation on November 8, 2002, Revenue Officer D. Weinstein issued an Internal Revenue Service summons (Form 2039) directing the defendant to appear before the revenue officer, or any other designated agent of the Internal Revenue Service, on December 2, 2002 to give testimony and to produce for examination and copying certain books, records, papers, or other data, as described in said summons. An attested copy of the summons was served on the defendant by Revenue Officer D. Weinstein on December 2, 2002 by leaving an attested copy of the summons at the last and usual place of abode of the person to whom it was

directed. A copy of the summons is attached to the declaration of Revenue Officer Adams as Exhibit A-1, and incorporated herein by reference.

### VI

On December 2, 2002, the defendant did not appear in response to the summons.

### VII

On December 13, 2002, after service of the summons, the Internal Revenue Service transferred assignment of this matter from Revenue Officer Weinstein to Revenue Officer Helen Adams.

### VIII

On January 8, 2003, Associate Area Counsel sent a letter to the defendant's counsel, Harvey Schwartz, offering another opportunity to appear, this time before Revenue Officer Helen Adams on January 30, 2003, to satisfy the summons. A copy of that letter is attached to the declaration as Exhibit A-2. On January 30, 2003, in response to this correspondence, the defendant failed to appear. The defendant's refusal to comply with the summons with respect to the years 1996 and 1999 continues to the date of this petition.

### IX

The defendant has in his possession, custody, or control information, books, records, papers, and other data which may be relevant and material to the investigation with respect to the years 1996 and 1999.

X

It is necessary and relevant to obtain the testimony and to examine the books, papers, records or other data sought by the summons for the years 1996 and 1999 in order to determine the Federal income tax liabilities of Peter Letterese (Form 1040) for the years 1996 and 1999.

XI

Except for a Wage Tax Statement (Form W-2) which is in the possession of the Internal Revenue Service, the information, books, records, papers, and other data sought by the summons for the years 1996 and 1999 are not already in the possession of the Internal Revenue Service.

XII

All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.

XIII

A Justice Department referral, as defined by § 7602(c)(2) of the Internal Revenue Code of 1986 (26 U.S.C.), is not in effect as to the federal income tax liabilities of Peter Letterese for the years 1996 and 1999.

WHEREFORE, the petitioner respectfully prays:

1. That this Court enter an order directing the defendant to show cause, if any, why he should not comply with and obey the aforementioned summons with respect to Peter Letterese for the tax years 1996 and 1999 and each and every requirement thereof;

2. That this Court enter an order directing the defendant to appear before Revenue Officer Helen Adams, or any designated officer of the Internal Revenue Service at such time and place as may hereafter be fixed by Revenue Officer Helen Adams and/or her designee, and to give testimony and produce for examination and copying the books, papers, records, or other data concerning Peter Letterese for the tax years 1996 and 1999 as demanded by the summons;

3. That the United States recover its costs of maintaining this action; and

4. That this Court grant such other and further relief as is just and proper.

>Respectfully submitted,
>
>MARCOS DANIEL JIMENEZ
>UNITED STATES ATTORNEY
>
>By: _____
>Charles S. White
>Assistant U.S. Attorney
>Florida Bar No. 394981
>99 N.E. Fourth Street
>Miami, Florida 33132
>Tel: (305) 961-9286
>Fax: (305) 536-4101
>Charles.White@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,       )
                                )
            Petitioner,          )
      v.                         )
                                )
PETER LETTERESE,                 )
                                )
            Respondent.          )

**DECLARATION**

I, Helen Adams, hereby declare as follows:

1. I am a duly commissioned Revenue Officer employed in the Office of the Area Director, Small Business Self Employed Compliance Division, Internal Revenue Service, Territory 3, Area 5 in Fort Lauderdale, Florida. As a Revenue Officer I am authorized to issue Internal Revenue summonses pursuant to the authority contained in 26 U.S.C., Section 7602.

2. In my capacity as a Revenue Officer, I am conducting an investigation to determine the federal income tax liabilities of Peter Letterese for the taxable years 1996 and 1999.

3. In furtherance of the above investigation and in accordance with section 7602 of Title 26, U.S.C., Revenue Officer D. Weinstein issued on November 8, 2002, an Internal Revenue Service summons to Peter Letterese, to give testimony and to produce for examination books, papers, records, or other data as

-1-

EXHIBIT A

described in said summons.  The summons is attached to the petition as Exhibit A-1.

4.  On November 8, 2002, Revenue Officer Weinstein left an attested copy of the summons at the last and usual place of abode of the respondent.  Service of the summons is evidenced by the certificate of service on the reverse side of the summons

5.  On December 2, 2002, the respondent, Peter Letterese, did not appear in response to the summons.  The respondent=s refusal to comply with the summons continues to the date of this declaration.

6.  On December 13, 2002, after service of the summons, the Internal Revenue Service transferred assignment of this matter from Revenue Officer Weinstein to Revenue Officer Helen Adams.

7.  On December 19, 2002, Associate Area Counsel for the Internal Revenue Service sent a letter to the respondent's counsel, Harvey Schwartz, offering the respondent another opportunity to appear, this time before Revenue Officer Helen Adams on January 30, 2003, to satisfy the summons.  A copy of the letter is attached hereto as Exhibit B-2. The respondent failed to appear on January 30, 2003 in response to the letter.

8.  The respondent's refusal to comply with summons with respect to the years 1996 and 1999 continues to the date of this declaration.

9. The respondent has in his possession, custody, or control information, books, records, papers, and other data which may be relevant and material to the investigation.

10. It is necessary to obtain the testimony and to examine the books, papers, records or other data sought by the summons in order to properly determine the Federal tax liabilities of Peter Letterese for the years 1996 and 1999.

11. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

12. A Justice Department referral, as defined by 26 U.S.C. Section 7602, is not in effect with respect to Peter Letterese for the years under investigation.

13. The name Helen Adams is my pseudonym, authorized by employment agreements with, and the internal policies of, the Internal Revenue Service to protect personnel, and is registered with the Internal Revenue Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February, 2003.

*Helen Adams*
Helen Adams
Revenue Officer

# Summons

In the matter of PETER LETTERESE 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

Internal Revenue Service (Division): SB/SE

Industry/Area (name or number): 5

Periods ENDING;12-31-1996,12-31-1999

### The Commissioner of Internal Revenue

To PETER LETTERESE
At 5000 SW 148TH AVE SW RANCHES FL 33330

You are hereby summoned and required to appear before **WEINSTEIN**, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents and records in your possession or control reflecting the receipt of taxable income by you for the year(s) **ENDING;12-31-1996,12-31-1999**, including but not limited to: statement of wages for the year(s) **ENDING;12-31-1996,12-31-1999**, statements regarding interest or dividend income for the year(s) **ENDING;12-31-1996,12-31-1999**; employee earnings statements for the year(s) **ENDING;12-31-1996,12-31-1999**; records of deposits to bank accounts during the year(s) **ENDING;12-31-1996,12-31-1999**; and any and all other books, records, documents, and receipts regarding wages, salaries, tips, fees, commissions, and any other compensation for services (including gains from dealings in property, interest, rental, royalty and dividend income, alimony, annuities, income life insurance policies and endowment contracts, pensions, income from the discharge of indebtedness, distributive shares of partnership gross income, and income from an estate or trust), so that Federal Income Tax liability for the year(s) **ENDING;12-31-1996,12-31-1999** (for which year(s) no return have been made) may be determined.

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____    REVENUE OFFICER, 65-03794
Signature of IRS Official Serving the Summons     Title

**Business address and telephone number of IRS officer before whom you are to appear:**

7850 SW 6TH COURT   STOP 5190, PLANTATION FL 33324   423-7093

**Place and time for appearance at:** 7850 SW 6TH COURT   STOP 5190, PLANTATION FL 33324

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 12-2001)
Catalog Number 21405J

on the 2 day of DECEMBER, 2002 at 9:00 o'clock A m.

Issued under authority of the Internal Revenue Code this 8 day of November 2002

_____    Revenue Officer
Signature of Issuing Officer     Title

_____    Supervisory RO
Signature of Approving Officer (if applicable)    Title

Part A -- to be given to the person summoned

EXHIBIT A-1



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 11/8/2002 | 2:00 PM |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any):____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address:____

| Signature | Title |
|---|---|
| D. Weinstein | Revenue Officer |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____   Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| D. Weinstein | Revenue Officer |

Form **2039** (Rev. 12-2001)



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF CHIEF COUNSEL
SMALL BUSINESS/SELF-EMPLOYED DIVISION COUNSEL
1000 S. PINE ISLAND ROAD, SUITE 300, STOP 8100
PLANTATION, FLORIDA 33324
(954) 423-7931
FAX (954) 423-7930

DEC 19 2002

CC:SB:3:FTL:GL-167915-02
NJKlahr

Harvey Schwartz, Esq.
Callet Dreyer & Berkey LLP
845 Third Avenue
New York, NY 1022-6601

In re:  Peter Letterese
U.S. Individual Tax Returns (Form 1040)
Tax Years: 1996 and 1999
Date Summons Served: November 8, 2002
Appearance Date: December 2, 2002

Dear Mr. Schwartz:

We have been notified that your client did not comply with the above summons requiring your client to give testimony or produce documents.

Legal proceedings in the United States District Court may be brought against your client for the failure to comply. To avoid such proceedings, your client should keep the appointment that has been arranged with the Revenue Officer identified on the attached sheet. Your client should bring to the address listed on the attached sheet, at the date and time shown, all documents and records specified in the summons.

If you have any questions, please contact the <u>Revenue Officer whose name appears on the attached sheet</u>.

Sincerely,

B. JOHN WILLIAMS, JR.
Chief Counsel
Internal Revenue Service

By: *Kenneth A. Hochman*
KENNETH A. HOCHMAN
Associate Area Counsel (SBSE)
ID#58-06770

Enclosure
Cc: P. Letterese

EXHIBIT A-2

Revenue Officer:          H. Adams

Address:                  Internal Revenue Service
                          7850 S.W. 6th Court
                          Plantation, Florida 33324

Phone:                    (954) 423-7772

Appointment date:         January 30, 2003

Appointment time:         10:00 AM

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS** 03-60773
D.C. LETTERESE, PETER

2003 APR 24 PM 12:54

CIV-MARRA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward  03-60773-CIV-Marra/Seltzer

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
CHARLES S. WHITE, ASSISTANT U.S. ATTORNEY
99 N.E. FOURTH STREET, THIRD FLOOR
MIAMI, FLORIDA 33132
(305) 961-9003

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
SELTZER

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | B☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions AO&B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
INTERNAL REVENUE SERVICE SUMMONS ENFORCEMENT -- 26 U.S.C. SECTIONS 7402(b) AND 7604(a)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE ____   DOCKET NUMBER ____

DATE  4-22-3
SIGNATURE OF ATTORNEY OF RECORD
CHARLES S. WHITE, ASSISTANT UNITED STATES ATTORNEY

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.