UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60773 CIV-MARRA

MAGISTRATE JUDGE SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PETER LETTERESE,

    Defendant.
_____/

MEMORANDUM OF AUTHORITY
IN SUPPORT OF INTERNAL REVENUE
SERVICE EMPLOYEES USING PSEUDONYMS

    Use of Pseudonyms is allowed pursuant to the March 10, 1992, Order of the Federal Service Impasses Panel, which is empowered to make such a decision under 5 U.S.C. Section 7119, wherein employees shall only be required to identify themselves by last name. That if an employee believes the use of the last name will still identify the employee, then the employee may "register" a pseudonym with the employee's supervisor. In that case, only the registered pseudonym will be used. A copy of the Order dated March 10, 1992 is attached hereto as Exhibit A.

    Revenue agents are authorized to use professional pseudonyms to protect themselves and their families from harassment and reprisals. A revenue agent's true identify is irrelevant to the actions he or she may take in collecting taxes. The use of

pseudonyms should not create problems with the self-authentication of official documents under Fed. R. Evid. 902. Authorization for admissibility purposes goes to identifying the document as what it purports to be, not to the identity of the signer. Sworn documents and/or other documents filed with any Court may only be signed with the pseudonym, if the document states that it is signed using a pseudonym.

There is no express prohibition against the use of a pseudonym in statutory, regulatory, or judicial tax law.

                                    Respectfully submitted,

                                    MARCOS DANIEL JIMENEZ
                                  UNITED STATES ATTORNEY

By: _____
     Charles S. White
     Assistant United States Attorney
     Florida Bar No. 394981
     99 N.E. Fourth Street
     Miami, Florida 33132
     Tel: (305) 961-9286
     Fax: (305) 530-7139

United States of America

BEFORE THE FEDERAL SERVICE IMPASSES PANEL

```
DEPARTMENT OF THE TREASURY   )
INTERNAL REVENUE SERVICE     )
WASHINGTON, D.C.             )
                             )
          and                )      Case No. 91 FSIP 229
                             )
NATIONAL TREASURY EMPLOYEES UNION )
```

## DECISION AND ORDER

The National Treasury Employees Union (Union) filed a request for assistance with the Federal Service Impasses Panel (Panel) to consider a negotiation impasse under section 7119 of the Federal Service Labor-Management Relations Statute (Statute) between it and the Department of the Treasury, Internal Revenue Service, Washington, D.C. (Employer or IRS).

After investigation of the request for assistance, the Panel directed the parties to meet informally with Staff Associate Ellen J. Kolansky for the purpose of resolving the issues at impasse concerning the use of pseudonyms by employees dealing with the public. The parties were advised that if no settlement were reached, Mrs. Kolansky was to notify the Panel of the status of the dispute, including the parties' final offers and her recommendations for resolving the matter. After considering this information, the Panel would take whatever action it deemed appropriate to resolve the impasse.

Mrs. Kolansky met with the parties on October 8, 1991, but the issue was not resolved. Mrs. Kolansky reported to the Panel on the dispute based on the record developed by the parties, including their written statements of position and rebuttals. The Panel has now considered the entire record, including her recommendations for settlement.

### BACKGROUND

The Employer assures public compliance with tax laws, collects revenues, and provides taxpayer services. The Union represents approximately 90,000 employees under 2 collective bargaining agreements, NORD III and NCA III, which expire on June 30, 1994. Employees numbering in the thousands who work as revenue officers, tax examiners, and others with public contact would be affected by

2

liens against taxpayers' property; and take other related actions. In the course of their work, they may meet with taxpayers at their businesses, residences, and at IRS offices, as well as communicate by telephone and letter.

ISSUE AT IMPASSE

The dispute concerns whether employees with public contact should be permitted the option of identifying themselves by their last names and registered pseudonyms.

1. The Union's Position

The Union proposes either:

I. Employees shall "register" a pseudonym with their supervisors. Employees shall only use the name registered with their supervisors; or

II. A. Employees shall only be required to identify themselves by last name, e.g., Mr. Jones, Ms. Smith.

B. If an employee believes that due to the unique nature of the employee's last name, and/or nature of the office locale, that use of the last name will still identify the employee, then the employee may "register" a pseudonym with the employee's supervisor. In that case, only the registered pseudonym will be used.[1]

Employees who deal with the public should be permitted to use one of these options to protect them from potential harassment by taxpayers. They have received threats, obscene telephone calls at work and at home, and had false interest and dividend reports (Form 1099s) and false liens filed against them and their property. Groups such as the Church of Scientology and the Sheriff's Posse Comitatus also have reportedly harassed revenue officers and other IRS employees. The latter group has listed employees on wanted

---

[1] In 1985, the Union initiated mid-term bargaining over protective measures. The Federal Labor Relations Authority (FLRA) found the Union's proposals on use of pseudonyms negotiable. National Treasury Employees Union and Internal Revenue Service, 27 FLRA 460, 463 (1987). It specifically rejected the Employer's argument that "its mission--collecting taxes in a manner that warrants the highest degree of public confidence in the integrity, efficiency, and fairness of the Agency--can be achieved only by requiring employees to use their own full names and not pseudonyms

3

posters, tried them in absentia, and sentenced them to death. According to a 1988 Federal Bureau of Investigation report, more IRS enforcement officers suffered assaults than any other law enforcement group in the Federal Government--over 5 times as many as experienced by Drug Enforcement Administration officers with the second highest assault rate. Employees in Automated Collection Sites (ACS) in a number of locations including Santa Ana, San Diego, and Laguna Niguel, California, have been permitted to use pseudonyms without the administrative problems or complaints that the Employer anticipates. Its position that taxpayers would be unable to identify employees handling their cases is without merit because all pseudonyms would be registered with supervisors. The practice at Laguna Niguel, however, was discontinued for new employees during the pendency of the case before the Panel.

2. The Employer's Position

The Employer essentially proposes that the Panel order the Union to withdraw its proposal on pseudonyms. While it also is concerned with the safety of employees, adequate protection is provided by training employees to deal with potentially dangerous taxpayers, encouraging them to withdraw and seek assistance in dangerous situations, providing armed escorts and police protection, and prosecuting perpetrators. The risks, including the possibility of exposure to "potentially dangerous and/or life-threatening situations," are referred to in employees' position descriptions. Determined individuals might circumvent the thin shield of a last name or a pseudonym, and against assaults, such devices would be useless. On the other hand, figures for Laguna Niguel show that incidents of threats and assaults have declined from 54 to 32 and 3 to 0, respectively, between fiscal years 1991 and 1992, suggesting that such measures are unnecessary. In addition, keeping track of pseudonyms in its large, computerized system would be a costly administrative burden.

Finally, recent Congressional scrutiny, including passage of the Taxpayer's Bill of Rights,[2] makes how the IRS is viewed by the public a sensitive issue. The Union's proposal, if adopted, would undermine its efforts to maintain open and honest dealings with the public necessary to foster voluntary compliance with the tax laws. Indeed, the public has a right to know with whom it is dealing.

CONCLUSIONS

Having considered the arguments and evidence in this case, we shall order the parties to adopt Union Proposal II. We are

---

[2] The Taxpayers Bill of Rights, 26 U.S.C. § 7801 et. seq., deals with matters such as the taxpayer's right to have the auditing procedure explained, be represented during the process, record sessions with IRS employees, etc.

4

persuaded that the option of using last names or registered pseudonyms is reasonable for those employees who face harassment both on and off the job. We do not anticipate, however, that all or even a majority of employees will exercise such options since most interactions between employees and the public are without incident. Although it is clear that the Employer shares the Union's concern about protecting employees, besides training, it mainly offers post-incident remedies rather than preventive measures such as the instant proposal. We also are not persuaded that the public will react negatively, as the Employer predicts, to the news that some IRS employees use pseudonyms. In this regard, the public may well be able to understand the need for such practical protections when employees are subject to harassment and threats. Since the pseudonyms will be registered, taxpayers will be able to re-establish contact with the same employee as needed. Finally, should mission or administrative problems arise from the use of pseudonyms, the parties can deal with such difficulties through future negotiations.

### ORDER

Pursuant to the authority vested in it by the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7119, and because of the failure of the parties to resolve their dispute during the course of the proceedings instituted under the Panel's regulations, 5 C.F.R. § 2471.6(a)(2), the Federal Service Impasses Panel under § 2471.11(a) of its regulations, hereby orders the following:

The parties shall adopt the following provision:

A. Employees shall only be required to identify themselves by last name, e.g., Mr. Jones, Ms. Smith.

B. If an employee believes that due to the unique nature of the employee's last name, and/or nature of the office locale, that use of the last name will still identify the employee, then the employee may "register" a pseudonym with the employee's supervisor. In that case, only the registered pseudonym will be used.

By direction of the Panel.

Linda A. Lafferty
Executive Director

March 10, 1992
Washington, D.C.